### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**ARTIS POWER**                                                                          **PLAINTIFF**

**v.**                                                                   **No. 4:13CV173-NBB-JMV**

**CHRISTOPHER EPPS, ET AL.**                                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Artis Power, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Power claims that during routine urinalysis he tested positive for methamphetamine use even though he had not used methamphetamine. He is taking the heartburn medication Ranitidine, and he has submitted literature with his complaint that Ranitidine can cause a false positive test for methamphetamine use during urinalysis. He was found guilty of a rule violation for drug use. During the grievance process, the Warden of his area responded that medical staff "do not issue any medication that would cause [an inmate] to test positive for Methamphetamine." He wishes to have the Rule Violation Report expunged from his record. Power believes that having the rule violation on his record will lead to his placement in C-Custody, which he believes is more dangerous than his current housing assignment.

**Classification**

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). Power has not alleged an extreme circumstance to warrant the court's intervention in his housing assignment.

***Sandin***

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or

regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5$^{th}$n Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim). In this case, Power is simply worried about a downgrade in custody, a punishment well within those that could be expected in the normal incidents of prison life. As such, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 5th day of March, 2014.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE